IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW GILMORE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:06-CV-183-WKW |
| NATIONWIDE INSURANCE COMPANY OF AMERICA | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The case is before the court on the parties' joint Motion for *En Camera* Review and Approval of Settlement and Release Agreement (Doc. # 22). For the reasons stated below, the settlement will be approved.

Matthew Gilmore ("Gilmore") brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, alleging that his employer, Nationwide Mutual Insurance Company ("Nationwide"), failed to pay him overtime in accordance with § 216(b). Nationwide denied the allegations in the complaint. Gilmore and Nationwide represent that, with the advice of counsel, they negotiated and entered into a Settlement Agreement and Release ("Agreement"). The parties did not electronically file the proposed Agreement; instead, they submitted a copy to the chambers of the undersigned for an *en camera* review.

Because the FLSA was enacted to protect workers from poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). One

exception to the prohibition on settlement is when, in an employee's private action for back wages under 29 U.S.C. § 216(b), the district court reviews the parties's proposed settlement and, finding that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," enters it as a stipulated judgment. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982).

The court finds that Gilmore's claim includes bona fide disputes over FLSA provisions. Upon review of the proposed Agreement, which the court attaches to this Order as Exhibit A, the court finds that the settlement is a fair and reasonable resolution of the bona fide disputes. Accordingly, it is ORDERED that:

1. The parties' joint Motion for *En Camera* Review and Approval of Settlement and Release Agreement (Doc. # 22) is GRANTED;

2. The Agreement is approved;

3. The clerk of the court is DIRECTED to file and docket the Agreement UNDER SEAL as an exhibit to this memorandum opinion and order;

3. Pursuant to the Agreement, this lawsuit is DISMISSED with prejudice, with the parties to bear their own costs.

An appropriate judgment will be entered.

DONE this 8th day of December, 2006.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE